David L. Mazaroli
Attorney for Plaintiff
250 Park Avenue – 7th Floor
New York, NY 10177
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | : | ECF CASE |
| | : | |
| Plaintiff, | | 14 Civ. 6984 (PAC) |
| | : | |
| - against - | | **COMPLAINT** |
| | : | |
| M/V "MOL PRESENCE", her engines, tackle, boilers, etc.; AMERICAN PRESIDENT LINES, LTD.; APL CO. PTE. LTD.; | : | |
| | : | |
| Defendants. | | |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants upon information and belief:

### FIRST CAUSE OF ACTION

1. This action involves admiralty or maritime claims within the meaning of Rule 9(h) Fed. R. Civ. P. and is within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This action also falls within the Court's federal question, pendent, ancillary, and supplemental jurisdiction. Plaintiff seeks recovery for cargo damage caused by defendants' breaches of contract and torts.

2. Plaintiff Indemnity Insurance Company of North America ("IINA") is a corporation organized under the laws of, and with its principal place of business in, the Commonwealth of Pennsylvania and sues herein as subrogee and assignee of Virginia

Imports Ltd., who was at all material times the consignee, purchaser and owner of the cargo in suit, and the holder of the subject bill of lading.

3. Defendants American President Line Ltd. and APL Co. Pte. Ltd. (jointly "APL") are believed to be corporations organized under the laws of foreign sovereigns and/or certain of the fifty states.

4. This Court has jurisdiction over the *in personam* defendants, who conduct business in the State of New York as common carriers of cargo for hire and the provision of services related thereto. In addition, by virtue of the forum selection clause in the bill of lading issued for the shipment, defendants have consented to venue and jurisdiction in the Southern District of New York.

5. Upon information and belief the captioned vessel is now, or will be during the pendency of this action, within the admiralty and maritime jurisdiction of this Honorable Court or is otherwise subject to jurisdiction pursuant to Rule 4(k) (2) Federal Rules of Civil Procedure and/or the forum selection clause in the bill of lading in suit.

6. This action involves damage, including damage due to exposure to excessive temperatures, to a shipment of 1,626 cartons of wine moved in carrier-provided container APZU437892/9 and was tendered to defendants in good order and condition at or near Adelaide, Australia, on or about August 6, ,2013 (hereinafter "the Shipment"). Defendants carried the Shipment from Adelaide, Australia, to Norfolk, Virginia, with ocean carriage aboard the M/V "SANTA PLACIDA" Voyage 076 and the M/V "MOL PRESENCE" Voyage 042, as described more fully in APL bill of lading APLU071436076 dated on or about August 6, 2013, and others. (Booking no.: 071436076).

7. The aforesaid damage, which occurred while the Shipment was in the care custody and/or control of defendants or entities action on their behalf, was caused by defendants' reckless failure to properly load, stow, carry, protect, store, care for and deliver the subject the Shipment and the unseaworthiness of the carrying vessel and container.

8. As a result of the aforesaid plaintiff sustained damages in the amount of $63,020.80 for which, defendants are liable to plaintiff as common carriers, bailees and/or warehousemen for hire.

9. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

10. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 9 of this complaint.

11. Defendants were aware that the Shipment consisted of wine and their statutory and contractual obligations, as well as their warranties under the general maritime law, included the nondelegable duty to provide the type of care which the nature of the Shipment required.

12. During the period of defendants' custody, the Shipment was exposed to excessive temperatures which caused damage to the subject wine shipment.

13. This caused damage to the cargo and rendered it unfit for intended sale, distribution and human consumption.

14. The claimed damage to the Shipment was caused in whole or in part by defendants' breaches of their duties of care under the Carriage of Goods by Sea Act, 46 U.S.C. § 30701, the contact of carriage and the general maritime law.

15. As a result of the aforesaid plaintiff sustained damages in the amount of $63,020.80 no part of which has been paid although duly demanded.

### THIRD CAUSE OF ACTION

16. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 9 of this complaint.

17. At the time the aforementioned damage to the Shipment occurred defendants, together with the entities they hired to act on their behalf, were acting as bailees of the Shipments and in their own capacity, or through their contractors, agents, servants or sub-bailees, had a duty to safely and properly keep, care for and deliver the Shipment in the same good order and condition as when entrusted to them.

18. Defendants also had a duty to ensure that the services provided for the Shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

19. Defendants breached their duties and obligations as bailees by delivering the Shipment to the consignee in damaged and depreciated condition, including damage caused by exposure to heat, instead of in good order and condition.

20. As proximate result of the foregoing plaintiff and those on whose behalf it sues has sustained damages in the amount of $63,020.80, as nearly as can presently be estimated, no part of which has been paid although duly demanded.

WHEREFORE, plaintiff demands judgment against the captioned defendants American President Lines Ltd. and APL Co. Pte. Ltd., jointly and severally in the amount of $63,020.80, plus incidental expenses including survey fees, in addition to

interest at the rate of 9% per annum and the costs of this action and respectfully requests that the Court issue its process against the aforesaid vessel in rem.

Dated:   New York, New York
         August 26, 2014

                                            LAW OFFICES,
                                            DAVID L. MAZAROLI

                                            *s/David L. Mazaroli*
                                            _____
                                            David L. Mazaroli
                                            Attorney for Plaintiff
                                            250 Park Avenue – 7th Floor
                                            New York, New York 10177
                                            Tel: (212)267-8480
                                            Fax: (212)732-7352
                                            dlm@mazarolilaw.com